*E-FILED 07-02-2010*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH ARDEN d/b/a COMPLAINTSBOARD.COM, et al.,<br><br>Defendant. | ~~Case No. CV-09-80309-MISC-JW (RT)~~<br>Case No. C 10-80076 **MISC JF (HRL)**<br><br>Judge:  Hon. Patricia V. Turnbull<br><br>~~[PROPOSED]~~<br>PROTECTIVE ORDER PURSUANT TO COURT'S JANUARY 27, 2010 ORDER DENYING MOTION TO QUASH SUBPOENA FOR INFORMATION FROM GOOGLE, INC.<br>**(MODIFIED BY THE COURT)** |

The Court, having read and considered the Stipulation re: Form of Protective Order that has been filed by Plaintiff Xcentric Ventures, LLC ("XV") and Defendant Elizabeth Arden d/b/a Complaintsboard.com ("CB") (each a "Party" and collectively "the Parties"), and GOOD CAUSE for entry of such an Order appearing for the reasons stated in the Joint Stipulation, hereby ORDERS that the following provisions are made the ORDER of the Court.

**PROTECTIVE ORDER**

1. Documents generated by or in the custody of any Party or third party including Google, Inc., specifically including correspondence, responses to

written discovery and deposition questions, photographs, notes, blueprints, software source code, software object code, marketing materials such as surveys and analyses, vendor lists and contacts, customer lists, accounting information, materials related to the development of intellectual property, all information which constitutes trade secrets under California Civil Code § 3426.1 *et seq.*, all confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure, third party documents or information held or possessed by a Party subject to enforceable obligations of confidentiality in favor of the third party, tangible things which fall into the foregoing categories, and any electronically stored information which falls into any of the foregoing categories (hereinafter collectively identified as "information"), except information which is publicly available, is subject to this Protective Order.

2. Any Party to this action who reasonably believes that any such information is a trade secret within the meaning of California Civil Code § 3426.1 *et seq.*, or other confidential research, development or commercial information within the meaning of Rule 26(c) (7) of the Federal Rules of Civil Procedure shall have the right through its counsel to designate such information "CONFIDENTIAL" in accordance with Paragraphs 3 or 5 below. Such designated information shall thereafter be subject to the terms of this Protective Order, and use or disclosure of information so designated shall be restricted as set forth herein.

3. To designate information as confidential information and thereby subject it to this Protective Order, the Party disclosing the information shall place upon the document, thing, paper, or other tangible embodiments of the information, a legend substantially as follows:

CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER

Except as otherwise set forth herein, non-tangible information shall be expressly designated as confidential information subject to this Protective Order at the time of its disclosure or such status shall be confirmed in writing by the disclosing Party within a reasonable time after the disclosure.

4. The information designated "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" as discussed in paragraph 3 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained herein ("Confidential Material"):

(a) shall not be disclosed or distributed by counsel, or by any other person who receives, views or hears the Confidential Material subject to the provisions of this Protective Order (collectively, a "receiving person") to any person other than to (1) counsel for a Party, and such counsel's secretaries, paralegals, and other regular support staff; (2) Parties or partners, directors, officers, and regular employees of a Party to the extent such disclosure is necessary for the trial or preparation for trial of the captioned action; (3) expert witnesses or consultants hired by counsel for either Party, who are assisting counsel in preparation of this action for trial; and (4) the Court and court employees;

(b) shall not be used or disclosed by any receiving person for any purpose other than the enforcement of XV's judgment against CB, except where disclosure is lawfully required in discovery or pursuant to order of a court of competent jurisdiction in another legal action or proceeding; **provided, however,** that the receiving person shall give the disclosing Party notice that disclosure of Confidential Material is being sought in another action or proceeding in sufficient time to allow the disclosing Party to apply for a protective order limiting such disclosure in such action or proceeding.

        (c)    shall not be disclosed to any person within the categories of paragraphs 4(a) (2) and 4(a) (3), unless the provisions of paragraph 8 of this Protective Order are agreed to and followed.

      5.    To designate information as for attorneys' review only and thereby subject it to this Protective Order, the Party disclosing the information shall place upon the document, thing, paper, or other tangible embodiments of the Information, a legend substantially as follows:

CONFIDENTIAL -- ATTORNEYS ONLY

    Except as otherwise set forth herein, non-tangible information shall be expressly designated as for attorneys' review only subject to this Protective Order at the time of its disclosure or such status shall be confirmed in writing by the disclosing Party within a reasonable time after the disclosure.

    Party designating information for attorneys' review only shall do so only upon a good faith belief that disclosure other than subject to these terms may cause the Party to suffer serious competitive or commercial damage.

      6.    The information designated "CONFIDENTIAL -- ATTORNEYS ONLY" as discussed in paragraph 5 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein ("Attorneys Only Material"):

        (a)    shall not be disclosed or distributed by counsel, or by any other person who receives, views or hears the Attorneys Only Material subject to the provisions of this Protective Order (collectively, a "receiving person") to any person other than to (1) counsel for a Party, and counsel's secretaries, paralegals, and other support staff; (2) independent consulting or testifying experts hired by counsel for either Party, not affiliated with, employed by or regularly providing consulting services to either of the Parties or to a direct commercial competitor of a Party, who are assisting counsel in preparation of this action for trial; and (3) the Court and court employees;

      (b)    shall not be used or disclosed by any receiving person for any purpose other than the enforcement of XV's judgment against CB, except where disclosure is lawfully required in discovery or pursuant to order of a court of competent jurisdiction in another legal action or proceeding; ***provided, however,*** that the receiving person shall give the disclosing Party notice that disclosure of Attorneys Only Material is being sought in another action or proceeding in sufficient time to allow the disclosing Party to apply for a protective order limiting such disclosure in such action or proceeding;

      (c)    shall not be disclosed to any person within the category of paragraph 6(a) (2) unless the provisions of paragraph 8 of this Protective Order are agreed to and followed.

    7.    Subject to public policy and further Court Order, nothing shall be filed under seal, and the Court shall not be required to take any further action with regard to any material that a Party has designated as Confidential Material or Attorneys Only Material without separate prior Court Order made after application by either Party.

    8.    Prior to disclosing any Confidential Material or Attorneys Only Material to any person described in paragraphs 4(a)(2), 4(a)(3), or 6(a)(2), counsel for the respective Party proposing to make such disclosure shall do the following:

      (a)    Counsel shall explain the contents of this Protective Order to the person to whom disclosure is to be made. The receiving person shall agree to be bound by the terms of this Protective Order by executing a Confidential Disclosure Declaration in form and content substantially as set forth in Addendum "1" attached to this Protective Order. Counsel securing such declarations shall maintain the originals of all such declarations.

      (b)    Counsel for a Party retaining an independent expert described in paragraph 6(a)(2) shall furnish the expert's signed Confidential Disclosure Declaration and current Curriculum Vitae to counsel for the adverse Party not less

than ten (10) calendar days prior to disclosing any Attorneys Only material to that expert. If the adverse Party objects to the proposed disclosure of Attorneys Only Material to that expert, his or its counsel shall, within three (3) business days after receipt of the expert's materials, give written notice stating the objections and the specific grounds therefor, and requesting that counsel meet and confer in a good faith effort to resolve such objections without the need for Court intervention. If the Parties are unable to resolve such objections on a voluntary basis, then the Party objecting to such disclosure may, not more than ten (10) days following the meet and confer meeting, file a motion seeking an Order prohibiting or limiting disclosure of Attorneys Only Material to such expert. Such motion shall comply with and be governed by applicable Local Rules.

(c) If an objection to disclosure is timely served, and if the parties are thereafter unable to voluntarily resolve the objections and a motion under Local Rule 37 is timely filed, no disclosure of Attorneys Only Material shall be made until the Court has ruled on the motion or the Parties have reached a voluntary agreement and formally withdrawn the motion. If either (i) no timely written objection is served, or (ii) no timely motion is filed, counsel for the Party retaining the expert may proceed with any Attorneys Only Material disclosures otherwise allowed under this Protective Order.

9. Documents need not be designated as Confidential Material or Attorneys Only Material at the time of a document inspection; however, such documents shall be so designated as appropriate at the time copies are delivered to the opposing Party. A response to an interrogatory or request for admission shall be so designated at or prior to the time the response is served on an opposing Party by placing the appropriate notation prominently on each answer or response containing information deemed confidential. Failure to designate documents or tangible things as Confidential or Attorneys Only at the time of production shall

1  not constitute a waiver of such claim if the designation is made within a
2  reasonable time thereafter.

3      10.    The Parties may agree on any method of production of documents.
4  Absent some other express agreement by the Parties made prior to any inspection;
5  the following procedure is to be followed in any inspections of the Parties'
6  original documents and things:

7      (a)    The inspections shall be limited to counsel for the Parties, and
8  such counsel's secretaries, paralegals, and other regular support staff;

9      (b)    All documents and things produced for inspection will
10 temporarily be treated as if they had been stamped "Confidential: Attorneys Only"
11 pursuant to this Protective Order regarding confidential information.  For the
12 purposes of these documents and things, it will not be necessary for the producing
13 Party to have them stamped confidential, and the producing Party will not be
14 deemed to have waived any confidential designation by the lack of a confidential
15 legend on the documents and things at the time of inspection; and

16     (c)    During the course of the inspection, the inspecting personnel
17 will tag those documents which are to be copied and later provided.  Upon
18 obtaining photocopies of the tagged documents, the producing Party will then
19 stamp the "Confidential -- Subject to Protective Order" or "Confidential --
20 Attorneys Only" legend on those documents that the producing Party believes
21 should be so designated.  Upon receipt of the photocopied documents, the
22 inspecting personnel will no longer be required to treat as Confidential or
23 Confidential: Attorneys Only those documents and things that do not bear the
24 appropriate legend.  However, the inspecting personnel will continue to treat as
25 Confidential -- Attorneys Only all other documents that were reviewed but were
26 not tagged to be photocopied.

27     11.    Should any Party obtain documents or information from a third party,
28 including but not limited to Google, Inc., by subpoena or otherwise, which contain

or can reasonably be assumed to contain, Confidential Information of another Party, all such documents and information shall be treated by the receiving Party as "Confidential - Attorneys Only" under this Protective Order, unless and until such documents and information have been disclosed by the receiving Party to the other Party and the other Party has agreed pursuant to paragraph 18 that all or any designated part of such documents and information shall be designated as Confidential or "Confidential – Attorneys Only", or shall not be subject to this Protective Order.

12. (a) During any deposition, hearing or other proceeding, Confidential Material may be disclosed to any deponent or witness (i) who is indicated on the face of the document to be its originator, author or recipient of a copy of said document, (ii) who has been designated by the producing Party to testify on its behalf (as in the procedure under Fed.R.Civ.P. 30(b)(6)), or (iii) who is another person entitled hereunder to have access to Confidential Material, including Court Reporters hired by counsel of either Party who are not and have never been affiliated with the Parties; and to no other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

(b) Parties may, on the record during a deposition, hearing or other proceeding or in writing within twenty (20) days after receipt of a deposition or hearing transcript, designate to all Parties any pages or lines thereof containing Confidential Material or Attorneys Only Material. The portion of any deposition or hearing transcript so designated shall be transcribed or marked by each Party as a separate record, and access thereto shall be limited in accordance with the terms of this Order.

13. The termination of proceedings in this action shall not relieve any person to whom confidential information was disclosed from the obligation of

maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

14. Upon final termination of this action or satisfaction of XV's judgment, each Party shall assemble and, as agreed, shall either destroy or return to the disclosing Party within thirty (30) days all items designated as Confidential Material or Attorneys Only Material. Written verification of destruction shall be given immediately after such destruction, and receipt of material returned to the disclosing Party shall be acknowledged by the disclosing Party in writing.

15. Any document or testimony transcript designated as Confidential Material or Attorneys Only Material pursuant to this Protective Order will be treated as such pursuant hereto, unless confidentiality is waived in writing by the Party asserting it or an order is obtained in accordance with Paragraphs 18 and 19. To aid the Court in considering requests pursuant to Paragraphs 18 and 19, the Parties agree that confidential information shall not include information that:

    (a) was, is, or becomes public knowledge, not in violation of this Protective Order, as shown by written documents; or

    (b) was previously known to the receiving Party or was developed independently by the receiving Party, as shown by written documents.

16. Inadvertently allowing an initial inspection of documents (including physical objects) shall not constitute a waiver of the attorney/client privilege or work product immunity with respect to any document so inspected. Inadvertently furnishing copies to the opposing Party also shall not constitute a waiver of the attorney/client privilege or work product immunity with respect to any document or physical object so furnished, if within a reasonable period of time after the opposing counsel's receipt of such documents, the producing Party designates any such document as within either the attorney/client privilege or work product immunity and requests return of any such documents to the producing Party. Upon request by the producing Party for return of any such documents designated

-9-

090790, 000001, 501420160.2
10297-44/LAR/LAR/781996_v1

as within either the attorney/client privilege or work product immunity, the receiving Party immediately shall return to the producing Party all copies of such documents and shall destroy all notes or summaries made regarding such documents. Nothing herein shall prevent the receiving Party from challenging the propriety of the attorney/client privilege or work product immunity designation by filing an appropriate motion with the Court pursuant to the provisions of Local Rule 37.

17. Nothing in this Protective Order shall foreclose or limit any Party from asserting that any information designated confidential pursuant to this Protective Order is, in fact, not protectable as such within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure and/or paragraph 14 above. The failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion pursuant at a later date seeking to impose such designation or challenging the propriety thereof, **unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or significant disruption or delay.**

18. The Parties may by written stipulation waive all or any part of their rights under this Protective Order and any Party may seek an order modifying this Protective Order. Any Party shall also have the right to apply to the Court for an order modifying or vacating the strictures on disclosure imposed by this Protective Order as applied to any items designated pursuant hereto.

19. The Parties shall follow the procedure set forth in applicable Local Rules in any dispute regarding the confidentiality of documents or information, or whether information or documents are properly designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or " CONFIDENTIAL ATTORNEYS ONLY" under Paragraphs 3 or 5 above.

20. To the extent that any discovery is taken in this action of any person who is not a Party to this action (a "Third Party"), and in the event such Third Party or any Party contends that the discovery sought involves confidential,

proprietary, or trade-secret protected material, then such Third Party shall be asked (but shall not be obligated) to agree in writing to be bound by and to have his, her or its confidential material protected by this Protective Order. Upon, and subject to, such Third Party's execution of an agreement to be bound hereby, such Third Party's confidential information shall be protected by and handled in accordance with this Protective Order.

**21. For a period of six months after the satisfaction of judgment, this court will retain jurisdiction to enforce the terms of this order.**

**PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,**
SO ORDERED: ~~April~~ 2 2010.     _____
                July                    Hon. ~~Patricia V. Turnbull~~ Howard R. Lloyd
                                        United States Magistrate Judge

Presented By:

GINGRAS LAW OFFICE, PLLC
David S. Gingras

Attorneys for Xcentric Ventures, LLC

    -and-

PICK & BOYDSTON, LLP
Erik S. Syverson

Attorneys for Elizabeth Arden d/b/a Complaintsboard.com

-11-

PROTECTIVE ORDER

090790, 000001, 501420160.2
10297-44/LAR/LAR/781996_v1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH ARDEN d/b/a COMPLAINTSBOARD.COM, et al.<br><br>Defendant. | **10-80076MISC JF (HRL)**<br>Case No. C ~~09-80309 MISC JW (PT)~~<br><br>~~Judge: Hon. Patricia V. Turnbull~~<br><br>~~Courtroom: 5~~<br><br>CONFIDENTIAL DISCLOSURE DECLARATION |

This Confidential Disclosure Declaration is being entered into in connection with and in furtherance of that certain Protective Order (the "Protective Order") that has been stipulated to by the parties and approved as the Order of the Court in the matter of *Xcentric Ventures, LLC v. Elizabeth Arden d/b/a Complaintsboard.com, et al.*, Civil Action No. C **10-80076MISC JF (HRL)** ~~09-80309 MISC JW (PT)~~ pending in the United States District Court for the Northern District of California, San Jose Division.

I, _____, am employed by _____. In connection with this action, I am:

___     a director, officer or employee of _____ and
        in that capacity I am directly assisting in this action and authorized to

**ADDENDUM TO PROTECTIVE ORDER**

| | |
|---|---|
| 1 | receive Confidential Material pursuant to paragraph 4(a)(2) of the |
| 2 | Protective Order; |
| 3 | ___   an expert witness or consultant hired by a party and in that capacity I |
| 4 | am assisting counsel in preparation of this action for trial and |
| 5 | authorized to receive Confidential Material pursuant to paragraph |
| 6 | 4(a)(3) or 6(a)(2) of the Protective Order. |

I have read, understand and agree to comply with and be bound by the terms of the Protective Order. I further state that the Protective Order entered by the Court, a copy of which has been given to me and which I have read, prohibits me from using any Confidential Material, as defined in the Protective Order, for any purpose not appropriate or necessary to my participation in this action or disclosing any Confidential Material to any person not entitled to receive them under the terms of the Stipulated Protective Order.  To the extent I have been given access to Confidential Material, I will not in any way disclose, discuss, or exhibit such Confidential Material except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a Confidential Disclosure Declaration.  I will return, on request, all materials containing Confidential Material, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated.  I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Northern District of California for purposes of its enforcement and the enforcement of my obligations under this Confidential Disclosure Declaration.

/ / /

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this __ day of _____, 200__, at _____.

_____
(signature)

_____
(printed name)